IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                              No. 4:02CR00106 GH
                                [No. 4:06CV00076 GH]

JAMES E. THOMAS                                                       DEFENDANT

**ORDER**

On March 27, 2003, defendant pleaded guilty to being a felon in possession of a firearm. He was sentenced on June 24, 2003, to 51 months imprisonment.

By order filed on August 3, 2005, the Court denied defendant's request for a transcript of the sentencing. A portion of that order stated:

> The June 24, 2003 sentencing hearing has not been transcribed. Again, the period for seeking any type of relief has expired in that case and, without some basis for substantive relief, there is no need for a transcript of the later sentencing hearing to be prepared at this time.

On January 18, 2006, defendant filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. §2255, asserting that the Court erred – in violation of United States v. Booker, 125 S.Ct. 738 (2005) – in finding a 2-point upward departure in his sentence without a jury determination and that his counsel was ineffective in failing to file a direct appeal as requested by defendant. As a basis for why the one-year statute of limitations under §2255 does not bar this motion, he explains that he was waiting for his attorney to file a direct appeal since his last court date in 2003. Defendant asks that the 2-point enhancement for obstruction of justice be removed.

-1-

As the motion and record conclusively show that defendant is entitled to no relief, the Court will not direct the government to file a response. See, 28 U.S.C. §2255.

Although the case of United States v. Mancias, 2005 WL 3076373, *1 (8th Cir. 2005), is unpublished, it provides an excellent summary of applicable facts and law as illustrated by the following excerpts:

> In this appeal, Mancias seeks to collaterally raise a Booker claim by way of a § 2255 motion. Recently, in Never Misses A Shot v. United States, 413 F.3d 781 (8th Cir. 2005) (per curiam), our court considered whether such relief was available. New procedural rules of criminal procedure, such as the one announced in Booker, only apply retroactively when they are "watershed rules of criminal procedure." Teague v. Lane, 489 U.S. 288, 311, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). The court in Never Misses A Shot, siding with "all circuit courts considering the issue to date," held that Booker "does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings." Never Misses A Shot, 413 F.3d at 783-84 (noting that at the time of the opinion, the Second, Third, Sixth, Seventh, Tenth, and Eleventh Circuits had reached similar results). FN2
>
>> FN2. Since Never Misses A Shot, the Ninth Circuit has also held that Booker does not apply retroactively. United States v. Cruz, 423 F.3d 1119 (9th Cir. 2005).
>
> Never Misses A Shot squarely forecloses Mancias's § 2255 claim. His conviction became final on February 26, 2004, well before Blakely and Booker were issued, rendering his current claim a request that we apply Blakely and Booker retroactively to grant relief. To do so, we would be required to explicitly overrule Never Misses A Shot, which our panel is not at liberty to do. Thus, we affirm the district court.

Therefore, defendant is precluded from raising a sentencing claim under Booker in a §2255 motion.

Regarding the second ground for relief, the following excerpts from the case of United States v. McIntosh, 332 F.3d 550, 550-551 (8th Cir. 2003), explains why this claim is barred by the §2255 one-year statute of limitations:

> Mr. McIntosh's conviction became final upon completion of direct review when the Supreme Court denied certiorari on May 14, 2001, and he had one year from that date to file his

section 2255 motion. See 28 U.S.C. § 2255(1)-(4) (absent impediment created by governmental action, newly recognized right, or newly discovered facts, one-year period of limitation runs from date on which judgment of conviction becomes final); Sweet v. Delo, 125 F.3d 1144, 1155 (8th Cir. 1997) (Supreme Court's denial of certiorari fixes point of finality of conviction), cert. denied, 523 U.S. 1010, 118 S.Ct. 1197, 140 L.Ed.2d 326 (1998); see also United States v. Marcello, 212 F.3d 1005, 1008 (7th Cir.) (conviction became final, thus triggering one-year limitations period for § 2255 motion, on date Supreme Court denied certiorari petition following direct appeal, and not on date denial of certiorari was filed and docketed with court of appeals), cert. denied, 531 U.S. 878, 121 S.Ct. 188, 148 L.Ed.2d 130 (2000); Adams v. United States, 173 F.3d 1339, 1342-43 (11th Cir. 1999) (per curiam) (without deciding point at which conviction becomes final, holding that appellate court's receipt of denial of certiorari does not fix finality).

At the earliest, Mr. McIntosh filed his motion on May 29, 2002, see Moore v. United States, 173 F.3d 1131, 1135 (8th Cir. 1999) (extending application of prison-mailbox rule to pro se § 2255 motions), believing it was not due until June 22, 2002, a year after the district court docketed the Supreme Court's denial of certiorari. Because we agree with the district court that equitable tolling based on Mr. McIntosh's mistake about the deadline is not warranted, we affirm. See Cross-Bey v. Gammon, 322 F.3d 1012, 1015-16 (8th Cir. 2003) (unrepresented prisoner's lack of legal knowledge does not support equitable tolling); Jihad v. Hvass, 267 F.3d 803, 805-06 (8th Cir. 2001) (equitable tolling affords otherwise time-barred petitioner exceedingly narrow window of relief; equitable tolling is proper only when extraordinary circumstances beyond prisoner's control make it impossible to file petition on time).

Accordingly, defendant's January 18th motion (#62) motion to vacate, set aside, or correct

sentence, pursuant to 28 U.S.C. §2255 is hereby denied.

IT IS SO ORDERED this 19th day of January, 2006.

*George Howard, Jr.*
UNITED STATES DISTRICT JUDGE